JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
Trustees of the Bricklayers Local No. 7 Pension Trust, et al.

**DEFENDANTS**
RJS & Associates, Inc.

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kent Khtikian
1714 Stockton St., Suite 300
San Francisco, CA 94133-2930
415-834-1778

Attorneys (If Known)

E-filing   EDL   ADR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | | [x] 791 Empl. Ret. Inc. Security Act | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sections 1132 (a), (e), (f) and 1145 and 28 U.S.C. Section 1331 (a)
Brief description of cause:
Recovery of delinquent fringe benefit contributions.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE 8/19/2008

SIGNATURE OF ATTORNEY OF RECORD

Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 7 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE NO. 3 APPRENTICE TRAINING TRUST; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND, <br><br>        Plaintiffs, <br><br> vs. <br><br> R J S & ASSOCIATES, INC., a California corporation, <br><br>        Defendant. | CASE NO. CV 08 3975 <br> (Labor) <br><br> COMPLAINT FOR RECOVERY OF DELINQUENT FRINGE BENEFIT CONTRIBUTIONS |

Plaintiffs, and each of them, complain against the above-named defendants and allege as follows:

**I**
**FIRST CLAIM FOR RELIEF**
**(Delinquent Contributions)**
**(29 U.S.C. Section 1145)**
(As to E. Ricks & L. Ricks)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining

1  agreement.  Jurisdiction of this action is conferred on this
2  Court by the provisions of the Employee Retirement Income
3  Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e),
4  and (f) and 1145.  Jurisdiction of this action is also conferred
5  on this Court by the provisions of 28 U.S.C. Section 1331(a).
6       2. This District is the appropriate venue for this action,
7  pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are
8  administered in this District, the breach took place in this
9  District and the defendant's principal place of business is in
10 this District.
11      3. The INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
12 CRAFTSMEN, AFL-CIO, LOCAL NO. 3, an affiliate of the
13 International Union Of Bricklayers And Allied Craftsmen, AFL-CIO,
14 hereinafter the "Union", is and at all times material herein was
15 a labor organization and the collective bargaining representative
16 for persons who are engaged, by defendant as masons in the
17 construction industry in Northern California.  As such the Union
18 is a employee organization representing employees in an industry
19 affecting commerce, within the meaning of Section 301 of the
20 LMRA, the definitions contained in Sections 2(5), and 501(1) and
21 (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29
22 U.S.C. Sections 1002(4) and 1003.  The Union maintains its
23 principal office for such purpose in Oakland, California.
24      4. Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 7
25 PENSION TRUST (hereinafter "Pension Fund"), TRUSTEES OF THE
26 BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST (hereinafter
27 "Welfare Fund"), TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS
28 LOCAL NO. 3 APPRENTICE TRAINING TRUST (hereinafter "Apprentice

1  Fund") and TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND
2  ALLIED CRAFTWORKERS PENSION FUND (hereinafter "International
3  Pension Fund"), are trustees and fiduciaries of multiemployer
4  employee benefit plans pursuant to ERISA, 29 U.S.C. Sections
5  1002(3) and (37) and 1132(d)(1) (hereinafter collectively
6  referred to as the "Funds").  The Pension Fund, Welfare Fund and
7  Apprentice Fund each has its office in San Francisco, California.
8      5. Defendant RJS ASSOCIATES INC., (hereinafter "RJS") is a
9  California corporation with its principal office and place of
10 business in Hayward, California.  At all times material herein,
11 RJS has engaged in the construction industry in California and as
12 such has been an employer engaged in an industry or activity
13 affecting commerce within the meaning of 29 U.S.C. Sections
14 1002(5) and 1003, Section 301 of the LMRA, and of the definitions
15 contained in Sections 2(2), and 501(1) and (3) of the LMRA (29
16 USC Sections 152(2), 142(1) & (3)).
17     6. At all times material herein, the Union has been party to
18 a written collective bargaining agreement with RJS.  Pursuant to
19 the terms of the Agreement, RJS agreed to be bound by the terms
20 and conditions of each of the trust agreements under and in
21 accordance with which each of the Funds was established and is
22 maintained.
23     7. The Agreement and the trust agreements require that
24 fringe benefits be paid by RJS to plaintiffs for all masonry work
25 performed by employees of RJS.  The Agreement and the trust
26 agreements also require that fringe benefits be paid by RJS to
27 plaintiffs for all masonry work performed by employees of any
28 person or entity subcontracting with RJS, including for work

performed by an employer which is not party to a collective bargaining agreement with the Union.

8. The Agreement and the trust agreements all require RJS to report in writing each month to the administrator of the Funds the total number of hours worked by any person employed by RJS or by subcontractors of RJS to perform work within the jurisdiction of the Agreement (hereinafter referred to as the "remittance reports"). The Agreement and the trust agreements all require RJS to submit those monthly remittance reports together with the payments indicated by those reports to Plaintiffs by the 15th day of the calendar month first following the calendar month in which the hours were worked.

9. Plaintiffs audited the records of RJS for the period from May 1, 2005 through June 30, 2008. The audit disclosed that during the audited period RJS had subcontracted masonry work to third persons in the total amount of approximately $1,103,223. The masonry subcontractors which performed this work were not parties to a collective bargaining agreement with the Union and made no payment of fringe benefits to the Funds.

10. RJS has failed to pay the required fringe benefit contributions and submit the corresponding reports to the Funds for masonry work covered under the Agreement.

11. The Agreement and the trust agreements all require RJS to pay the cost of any audit performed of RJS's records which shows a failure by RJS to report hours worked within the jurisdiction of the collective bargaining agreements. The Plaintiffs have incurred auditor's fees of $1,737.50.

12. Demand has been made for payment, but RJS has refused

1 and continue to refuse to pay benefit contributions for the work
2 performed from May 1, 2005 to June 30, 2008 as required by the
3 Agreement, and thus owes plaintiffs fringe benefit contributions
4 for this time period in an amount in excess of $180,454.00 as
5 disclosed by the audit.
6      13. Pursuant to the Trust Agreements, the Agreement and by
7 statute (ERISA section 502(g)(2)(B)), if payments are not made in
8 a timely manner are required to pay liquidated damages on the
9 principal amount due equal to ten percent (10%) of the unpaid
10 monthly contributions if the principal amount is paid within 30
11 days of the due date and to twenty percent (20%) of the unpaid
12 monthly contributions if they are paid more than 30 days after
13 the due date. This liquidated damage amount is owed on all
14 hourly fringe benefits accrued since May 2005 to the present
15 since all payments were made in an untimely manner. In addition,
16 under the terms of ERISA (section 502(g)(2)), the trust
17 agreements and Article VII of the Collective Bargaining
18 Agreement, plaintiffs are entitled to attorney's fees, interest
19 and collection costs on any delinquency described in paragraphs 7
20 through 12 of this complaint.
21      14. Plaintiffs are entitled to unpaid fringe benefits due
22 the Pension Fund, the International Pension Fund, the Welfare
23 Fund and the Apprentice Fund for hours worked from May 1, 2005 o
24 the present in an amount in excess of $180,454, interest thereon
25 in excess of $20,000, plaintiff's attorney's fees and costs,
26 penalties and liquidated damages in excess of $36,091 or
27 interest, and auditor's fees of $1,737.50, pursuant to 29 U.S.C.
28 Section 1132(g)(2), Labor Code Sections 203 and 218.5, all

according to proof.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against defendant RJS Associates Inc.:

    a. in the principal amount in excess of $180,454; plus

    b. interest thereon at the legal rate from the original due dates commencing June 15, 2005 until paid in an amount in excess of $20,000; plus

    c. plaintiffs' attorney's fees and costs; plus

    d. auditor's fees of $1,737.50; plus

    e. the greater of liquidated damages of at least $36,091, calculated at 20% of the principal amount or interest; and,

    f. for such relief as the Court deems proper,

all according to proof, pursuant to the agreement between plaintiffs and defendant, 29 U.S.C. Section 1132(g)(2), Labor Code Section 218.5 and any other statute so providing.

Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).

                      Katzenbach & Khtikian

Dated: August 18, 2008   By: _____
                                   W. KENT KHTIKIAN
                                   Attorneys for Plaintiffs